1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE

8   DAVID JAMES LANCASTER,

9                          Plaintiff,         Case No. C17-0459-RSM-MAT

10         v.

11   KING COUNTY,                             ORDER DECLINING TO SERVE
                                              COMPLAINT AND GRANTING
                                              PLAINTIFF LEAVE TO AMEND
12                         Defendant.

13

14         Plaintiff David Lancaster has submitted to the Court for filing a civil rights complaint under

15   42 U.S.C. § 1983.  The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS

16   as follows:

17         (1)     Plaintiff is currently confined at the King County Regional Justice Center in Kent,

18   Washington.  (*See* Dkt. 1-1 at 2.)  He asserts in his complaint that after arriving at the King County

19   Jail in Seattle on the morning of February 25, 2017, he began experiencing severe chest pain and

20   difficulty breathing.  (*Id*. at 3.)  Plaintiff states that he notified a corrections officer of his need for

21   medical care, but no medical attention was forthcoming.  (*Id*.)  Instead, plaintiff claims, he was

22   transferred to solitary confinement for three days and never received any medical care.  (Dkt. 1-1

23   at 3.)  Plaintiff maintains that he is now scared to ask for medical attention, or to grieve this issue,

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

1  because the last time he requested care he was put in solitary confinement. (*Id.*) Plaintiff identifies

2  King County as the lone defendant in this action, and he asks that the County be ordered to pay

3  for him to be seen by a cardiologist of his choosing, and that the County pay all related medical

4  expenses. (*See id.* at 2, 4.)

5      (2)     In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a

6  violation of rights protected by the Constitution or created by federal statute, and (2) that the

7  violation was proximately caused by a person acting under color of state or federal law. *See*

8  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff

9  must allege facts showing how individually named defendants caused, or personally participated

10  in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.

11  1981).

12      A defendant cannot be held liable solely on the basis of supervisory responsibility or

13  position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694

14  (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil

15  rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). A local government unit or

16  municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a

17  municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* A

18  plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal

19  "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520

20  U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

21      (3)     The Court declines to order that plaintiff's complaint be served because plaintiff

22  fails to allege any viable claim against King County, the only defendant named in this action. The

23  County may not be held liable in this civil rights action solely because it employs individuals

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

1  whom plaintiff believes caused him harm.  If plaintiff wishes to pursue a claim against King

2  County, he must identify the constitutional harm he believes he suffered, he must identify the

3  County policy or custom which caused that harm, and he must set forth specific facts

4  demonstrating the County's involvement in the alleged civil rights violation.

5         Plaintiff may also elect to pursue claims against individual employees of King County if

6  he believes specific employees caused him harm.  If plaintiff wishes pursue claims against

7  individual King County employees, he must clearly identify each employee he wishes to proceed

8  against, he must identify the constitutional right violated by the conduct of each employee, and he

9  must set forth specific facts demonstrating that each named employee personally participated in

10 causing him harm of federal constitutional dimension.

11        (4)    Plaintiff may file an amended complaint curing the above noted deficiencies within

12 ***thirty (30) days*** of the date on which this Order is signed.  The amended complaint must carry the

13 same case number as this one.  If no amended complaint is timely filed, the Court will recommend

14 that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon

15 which relief may be granted.

16        Plaintiff is advised that an amended pleading operates as a *complete* substitute for an

17 original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach*

18 *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended),

19 *cert. denied*, 506 U.S. 915 (1992).  Thus, any amended complaint must clearly identify each

20 intended defendant, the constitutional claim(s) asserted, the specific facts which plaintiff believes

21 support each claim against each defendant, and the specific relief requested.

22        (5)    The Clerk is directed to send plaintiff the appropriate forms so that he may file an

23 amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

the Honorable Ricardo S. Martinez.

DATED this <u>29th</u> day of March, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4